```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8                  IN THE UNITED STATES DISTRICT COURT

 9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )   2:07-CV-00457 WBS/KJM
                                   )
12           Plaintiff,            )
                                   )   STIPULATION FOR STAY
13       v.                        )   AND ORDER [~~Proposed~~]
                                   )
14  REAL PROPERTY LOCATED AT 1903  )
    MELO ROAD, MT. SHASTA,         )
15  CALIFORNIA, SISKIYOU COUNTY,   )
    APN: 36-200-041, INCLUDING     )
16  ALL APPURTENANCES AND          )   DATE: May 7, 2007
    IMPROVEMENTS THERETO,          )   TIME: 1:30 p.m.
17                                 )   COURTROOM: 5
             Defendant.            )
18  _____)
```

19

20        Plaintiff United States of America and claimants Ronald

21  Hennig, Patience, Inc., and America's Servicing Company as

22  nominee for Mortgage Electronic Registration Systems, Inc.

23  (hereafter "ASC"), hereby stipulate that a stay is necessary in

24  the above-entitled action, and request that the Court enter an

25  order staying all further proceedings pending the outcome of a

26  related criminal case against Claimant Ronald Hennig now pending

27  in Siskiyou County.

28        1.   Claimant Ronald Hennig, individually and as the

1

president of Patience, Inc. filed a claim to the defendant property on April 10, 2007, and filed an Answer to the Verified Complaint For Forfeiture <u>In Rem</u> on April 23, 2007.  Claimant America's Servicing Company filed a claim to the defendant property on April 18, 2007, and filed a Corrected Answer to the Complaint on April 19, 2007.  Claimant Hennig is currently a defendant in <u>People of the State of California v. Ronald T. Hennig and Loma Lee Brookbank</u>, case number 07-549 in Siskiyou County.  No other parties have filed a claim in this forfeiture action.

    2. Pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) the parties seek a stay of further proceedings in this case.  The United States contends that the defendant real property was used to facilitate a violation of federal drug laws (cultivation of marijuana) and is therefore forfeitable to the United States.  The United States intends to depose Claimant Hennig about the claim he filed in this case and the facts surrounding the cultivation of marijuana plants on this property and the seizure of more than 35 pounds of processed marijuana.  If discovery proceeds, Claimant Hennig would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to protect his alleged interest in the defendant property, or waiving his Fifth Amendment right and submitting to a deposition and potentially incriminating himself in the pending criminal matter.  If Claimant invokes his Fifth Amendment right, the United States will be deprived of the ability to explore the factual basis for the claim he filed in this action and the defenses raised in his

1  Answer.

2      3.   In addition, Claimant Hennig intends to depose law
3  enforcement officers who were involved in the execution of the
4  state search warrant at the defendant property.  Allowing
5  depositions of these officers would adversely affect the ability
6  of the county law enforcement officials to properly prosecute the
7  case.

8      4.   Accordingly, the parties recognize that proceeding with
9  this action at this time has potential adverse affects on the
10 prosecution of the related-criminal case and/or upon Claimant
11 Hennig's ability to prove his claim to the property and to
12 contest the government's allegations that the property is
13 forfeitable.  For these reasons, the parties jointly request that
14 this matter be stayed until the conclusion of the criminal case
15 now pending in Siskiyou County Superior Court.

16     5.   While this case is stayed, Claimant Hennig agrees to
17 keep current all payments due to Claimant ASC under the
18 promissory note dated February 28, 2005, in the original
19 principal amount of $90,000.00, and secured by the deed of trust
20 recorded in Siskiyou County on March 4, 2005, encumbering the
21 defendant property.  In addition, he agrees to pay all property
22 taxes when due and agrees to keep all property insurance covering
23 the defendant property in force.

24     6.   In the event claimant Hennig defaults in his
25 obligations as set forth in ¶ 5, claimant Hennig agrees to join
26 any government motion for interlocutory sale of the defendant
27 property.  The term "default" shall mean any default under the
28 note and deed of trust encumbering the defendant property and any

3

other documents executed by Claimant Hennig in connection therewith.

Dated: April 25, 2007         McGREGOR W. SCOTT
                              United States Attorney

                      By    /s/Kristin S. Door
                            KRISTIN S. DOOR
                            Assistant U.S. Attorney
                            Attorneys for Plaintiff
                            United States of America

Dated: April 25, 2007         /s/ Brenda Grantland
                              BRENDA GRANTLAND
                              Attorney for Claimant
                              Ronald Hennig

Dated: April 26, 2007         /s/ Glenn H. Wechsler
                              GLENN H. WECHSLER
                              Attorney for claimant
                              America's Servicing Company as
                              Nominee for Mortgage Electronic
                              Registration Systems, Inc.

                              (Original signatures of claimants'
                              attorneys retained by plaintiff's
                              counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the related criminal case currently pending in state court is resolved.

The scheduling conference scheduled for May 7, 2007, is continued to **November 5, 2007 at 2:00 p.m.**

IT IS SO ORDERED.

Dated: April 27, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE