```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:07-CV-00457 WBS/KJM |
| ) | |
| Plaintiff, ) | |
| ) | STIPULATION TO EXTEND DEADLINE |
| v. ) | FOR FILING SETTLEMENT |
| ) | DOCUMENTS AND ORDER [~~PROPOSED~~] |
| REAL PROPERTY LOCATED AT 1903 ) | |
| MELO ROAD, MT. SHASTA, ) | |
| CALIFORNIA, SISKIYOU COUNTY, ) | |
| APN: 36-200-041, INCLUDING ) | |
| ALL APPURTENANCES AND ) | DATE: N/A |
| IMPROVEMENTS THERETO, ) | TIME: N/A |
| ) | COURTROOM: N/A |
| Defendant. ) | |
| _____) | |

Plaintiff United States of America and claimants Ronald Hennig, Patience, Inc., and America's Servicing Company as nominee for Mortgage Electronic Registration Systems, Inc. (hereafter "ASC"), hereby stipulate that a 60 day extension of the deadline for filing settlement documents in the above case is necessary, and request that the Court enter an order extending the deadline for 60 days. This stipulation is based on the following:

1. On or about February 5, 2009, the parties to this action

1

(plaintiff United States of America, claimant Ronald Hennig, individually and as the president of Patience, Inc., and lienholder America's Servicing Company as nominee for Mortgage Electronic Registration Systems, Inc.) reached a settlement, and on February 5, 2009, plaintiff filed a Notice of Settlement.

2. The parties to the settlement have been diligently preparing the settlement documents and were prepared to file them on March 2, 2009, the deadline set forth in the Court's February 5, 2009, minute order.

3. On March 2, 2009, attorney for claimant Henning advised plaintiff's counsel of the possible existence of a large lien ($150,000+) that had not been addressed in the settlement documents. Plaintiff was unaware of any such lien because no such lien was listed in the title report plaintiff had obtained prior to filing the Complaint in this action.

4. Plaintiff conducted some preliminary research on March 2, 2009, and determined that <u>after</u> this action was commenced, and <u>after</u> plaintiff recorded a <u>lis pendens</u>, Bank of America loaned claimant Hennig approximately $150,000.

5. Thereafter, plaintiff made diligent efforts to obtain contact information for Bank of America so that a Notice of Forfeiture Action, a copy of the Complaint for Forfeiture <u>in Rem</u>, and related documents could be served on Bank of America. This effort was complicated by the fact that the recorded documents reflecting Bank of America's loan did not contain accurate contact information.

6. Plaintiff was eventually able to obtain contact information, and on April 2, 2009, mailed the Notice of

Forfeiture Action, the Complaint for Forfeiture in Rem, and related documents to Bank of America at 475 Crosspoint Parkway, Getzville, NY 14068. Pursuant to Rule G(4)(b)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Bank of America's claim is due no sooner than May 7, 2009.

7. Bank of America referred this matter to attorney Glenn Wechsler to represent it in this action. However, Mr. Wechsler already represents claimant America's Servicing Company as Nominee for Mortgage Electronic Registration Systems, Inc., and therefore has a conflict of interest. Bank of America will have to retain other counsel if it wishes to file a claim in this action and an Answer to the forfeiture complaint.

8. The parties recognize that this case cannot be settled without addressing Bank of America's lien.

9. The parties believe that this case can still be settled on the terms previously agreed upon because it appears that there is sufficient equity to pay all liens, including the newly-discovered Bank of America liens. However, until the parties can determine the validity of this lien it would be unwise to file settlement documents.

10. The parties anticipate that once Bank of America appears through counsel, its interest can be addressed in the settlement documents. Accordingly, the parties request that they be given an additional 60 days to submit settlement documents. If that is not possible, the parties will submit a further status

//

//

report explaining the efforts they are making to resolve this action.

Dated: April 29, 2009          LAWRENCE G. BROWN
                               Acting United States Attorney

                          By   /s/Kristin S. Door
                               KRISTIN S. DOOR
                               Assistant U.S. Attorney
                               Attorneys for Plaintiff
                               United States of America


Dated: April 29, 2009          /s/ Brenda Grantland
                               BRENDA GRANTLAND
                               Attorney for Claimant
                               Ronald Hennig


Dated: April 29, 2009          /s/ Glenn H. Wechsler
                               GLENN H. WECHSLER
                               Attorney for claimant
                               America's Servicing Company as
                               Nominee for Mortgage Electronic
                               Registration Systems, Inc.

                               (Original signatures of claimants'
                               attorneys retained by plaintiff's
                               counsel)

**ORDER**

For the reasons set forth above, the deadline for filing the settlement documents is extended to July 6, 2009. At that time the parties will file the settlement documents or advise the Court if more time is needed to address the Bank of America lien. IT IS SO ORDERED.

Dated: April 29, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE