```
LAWRENCE G. BROWN
Acting United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 1903 MELO ROAD, MT. SHASTA, CALIFORNIA, SISKIYOU COUNTY, APN: 36-200-041, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>        Defendant. | 2:07-cv-00457-WBS-KJM<br><br>**FINAL JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against certain real property located at 1903 Melo Road, Mt. Shasta, California, Siskiyou County, APN: 36-200-041 (hereafter "defendant real property"), and more fully described as:

> All that real property in the State of California, County of Siskiyou, unincorporated area, described as follows:
>
> A parcel of land constituting the Southwest quarter of the Southwest quarter of Section 17, Township 40 North, Range 4 West, M.D.M., with, however, the following being

1           a description of the Eastern boundary line thereof:

2           Beginning at a point on the Southerly boundary line of
            the said Section 17, 1324.62 feet East of the section
3           corner common to Sections 17, 18, 19 and 20 and extending
            North 0° 42' 48" East for a distance of 861.67 feet,
4           the Northern most approximate 279 feet of which shall
            coincide with the wooden fence erected by Patience
5           Corporation; thence due West 12 feet 2 inches; thence
            North 0° 04' 55" East, coinciding with the metal fence
6           erected by Ferguson, for a distance of 428 feet or until
            it reaches the East-West centerline of the Southwest
7           quarter of the said Section 17.

8           EXCEPTING THEREFROM an undivided one-half interest in
            and to the mineral rights as reserved in the deed from
9           Joe Mullendore, et, ux, to Harold H. Higgins, et ux,
            recorded February 1, 1958 in Volume 399 of Official
10          Records, page 517.

11          A.P.No.: 36-200-041

12          2.   A Verified Complaint for Forfeiture *In Rem* was filed on
13  March 9, 2007, seeking the forfeiture of the defendant real
14  property, alleging that said property is subject to forfeiture to
15  the United States of America pursuant to 21 U.S.C. § 881(a)(7),as
16  real property used or intended to be used, in any manner or part,
17  to commit, or to facilitate the commission of, a violation of 21
18  U.S.C. § 841 *et seq.*

19          3.   On March 21, 2007, the defendant real property was
20  posted with a copy of the complaint and notice of complaint.

21          4.   On March 28, April 4, 11, and 18, 2007, a Public Notice
22  of Posting of the defendant real property appeared by publication
23  in the Siskiyou Daily News, a newspaper of general circulation in
24  the county in which the defendant real property is located
25  (Siskiyou County).

26          5.   In addition to the Public Notice of Posting having been
27  completed, actual notice or attempted notice was given to the
28  following entities and individuals:

1               a.   American Brokers Conduit
2               b.   MERS as nominee for American Brokers Conduit
3               c.   Ronald Hennig
4               d.   Patience, a California Corporation
5        6.  Hennig and America's Servicing Company, as nominee for
6   MERS, have filed verified claims and answers alleging an interest
7   in the defendant real property.
8        7.  The United States has caused a Notice of Withdrawal of
9   Lis Pendens to be recorded against the defendant real property.
10       8.  No other parties have filed claims or answers in this
11  matter and the time for which any person or entity may file a
12  claim and answer has expired.
13       Based on the above findings, and the Court being otherwise
14  fully advised in the premises, it is hereby
15       ORDERED AND ADJUDGED:
16       1.  That the Court adopts the Stipulation for Final
17  Judgment of Forfeiture entered into by and between the parties to
18  this action.
19       2.  That judgment is hereby entered against claimants
20  Ronald Hennig and Patience, Inc. and America's Servicing Company
21  (hereafter "ASC"), as nominee for Mortgage Electronic
22  Registration Systems, Inc., and all other potential claimants who
23  have not filed claims in this action.
24       3.  That all right, title, and interest in the $25,000
25  cashier's checks previously delivered to the United States
26  Attorney's Office is substituted as the _res_ in lieu of the
27  defendant real property, and is hereby forfeited to the United
28  States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of

3

according to law.

4.   That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the posting of the defendant real property with the notice of forfeiture, or with the commencement and prosecution of this action.  This is a full and final release applying to all unknown or unanticipated injuries, as well as those now known or disclosed.  The parties waive the provisions of California Civil Code § 1532.

5.   That pursuant to the stipulation of the parties, the Court finds that there was reasonable cause for the posting of the defendant real property, and the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Case pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

6.   All attorneys fees have been resolved between claimants, having been addressed by the refinancing of the defendant real property.  Between the plaintiff and claimants, all parties are to bear their own costs and attorneys' fees.

SO ORDERED THIS first day of June, 2009.

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of defendant property with the notice of forfeiture and for the commencement and prosecution of this action.

DATED: June 1, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE